## NEW YORK SUPERIOR COURT.

### HENRY PROUSE COOPER & COMPANY agt. ALEXANDER D. FINDLAY.

*Affidavit of merits — Merits of the application — Default — Affidavit of merits is not always sufficient — When absolute refusal to open justified.*

On a motion to open a default an affidavit of merits is not always sufficient.
An absolute refusal to open an inquest may be justified.
The party moving to open the default must state the grounds of his motion clearly, and under certain circumstances must meet the opposing affidavit.

*General Term, April,* 1886.

APPEAL from an order denying a motion to open a default.

The appellant had moved at special term to open a judgment taken by default at trial term for $4,321. The motion was based on an affidavit and an affidavit of merits. The opposing affidavits put in by the plaintiff claimed that the defendant had admitted the embezzlement alleged in the pleadings, and that his counsel made a similar admission, and the said affidavits stated other grounds against granting the favor asked for. At special term the court denied the motion on the ground that "no merits had been disclosed."

*John Lindley* and *Sutherland Tenney* for appellant.

The default occurred through a mistake of the attorney.

The court never goes into the merits of a case when a verified answer and an affidavit of merits has been served.

*W. G. Peckham* and *E. W. Tyler* for respondent.

Probably judge FREEDMAN's memorandum meant "no merits" in the application as on the papers submitted. Several cases hold that under the circumstances the defendant should be required to show specific merits (*Dix* agt. *Palmer*, 5 *Hun*, 233; *Security Bank* agt. *Bank of Commonwealth*, 2 *id.*, 287; *Hunt* agt. *Wallace*, 6 *Paige*, 372). Defendants laches is against the motion (*Melvine* agt. *Mathewson*, 5 *Law Bul.*, 51).

PER CURIAM.—The discretion of the judge was properly used. It would not have been proper to have opened the default. The statements as to the reason for the defendant not appearing are vague and indefinite, and the affidavit of merits was more than counterbalanced by the plaintiff's affidavits. The affidavit of merits would be true if the plaintiff had made an insignificant error in his demand.

Order affirmed, with ten dollars costs.